```
 1  TOWNSEND AND TOWNSEND AND CREW LLP
    PAUL W. VAPNEK (State Bar No. 36576)
 2  JUDITH M. SCHVIMMER (State Bar No. 230285)
    Two Embarcadero Center, 8th Floor
 3  San Francisco, California 94111
    Telephone: (415) 576-0200
 4  Facsimile: (415) 576-0300
    pwvapnek@townsend.com
 5  jmschvimmer@townsend.com

 6  Attorneys for Plaintiff
    SUNSET MOUNTAINS, INC., d/b/a
 7  MOSAIC TILE MARKET
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE MARKET. a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOSAIC TILE SUPPLIES, LLC, a Texas limited liability company, <br><br> Defendant. | Civil Action No. C 07 4007 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Sunset Mountains, Inc., d/b/a Mosaic Tile Market ("Mosaic") alleges:

1. This is a civil action seeking injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"), for unfair competition, and for declaratory relief.

### PARTIES

2. Plaintiff Mosaic is a California corporation having its principal place of business at 54 Old El Pueblo Road, Suite C, Scotts Valley, California 95066.

3. Defendant Mosaic Tile Supplies, LLC ("MTS") is a Texas limited liability company having its principal place of business at 555 Blackbranch Road, Coldspring, Texas 77331.

## JURISDICTION

4. This is an action for declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining actual questions of controversy between the parties. The claims alleged herein arise under the Lanham Act and Copyright Act, 15 U.S.C. § 1051 *et seq.* and 17 U.S.C. § 501 *et seq*, respectively. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims alleged herein occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

## INTRA-DISTRICT ASSIGNMENT

6. This action arises in Santa Cruz County, where a substantial part of the events or omissions which give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of the action is located.

## MOSAIC'S BUSINESS

7. Mosaic is an online tile showroom and store. It was started in 2003 by Rebecca Lonergan and David Bousfield, homeowners who were frustrated with the difficulty of finding colorful glass tile designs in a timely manner and at a reasonable price for their own remodeling projects.

8. Ms Lonergan and Mr. Bousfield used their experience gained from high-tech careers in the Silicon Valley to build a web business to expand the marketplace and audience for a product traditionally sold through "brick and mortar" physical locations.

9. Mosaic Tile Market is advertised as "Your Online Tile Showroom". The glass, steel, porcelain, and cork tile products are housed in a warehouse in California and shipped to consumers throughout the U.S. and Canada. The business aims to provide unique products at reasonable prices with immediate availability. Its consumers, homeowners and tradespeople, purchase its products for use in kitchens, pools, baths, fountains, walls, restaurants and hotels.

10. Mosaic purchases its supplies from a number of different suppliers, including Defendant MTS. Mosaic sells some products under the brand name of the supplier, and it brands and

sells other products under its own name and marks. All of Mosaic's branding activities have been and are expressly authorized by the appropriate supplier.

11. Mosaic Tile Market does not produce a printed catalogue. Its products are offered solely through its online catalogue.

### DEFENDANT'S THREATS AND CLAIMS

12. Mosaic has been purchasing tile from MTS for resale for nearly four years. Except for a non-disclosure agreement, there has never been any written agreement defining their wholesaler/reseller relationship. Mosaic is not and has never been the exclusive reseller or distributor for MTS, and MTS is not and has never been the exclusive supplier for Mosaic.

13. Defendant MTS asserts exclusive rights in certain tile designs, ("Defendant's Copyrights"). MTS owns four U.S. Trademark Registrations for the marks ILLUMINATI, PRISM, KALEIDOSCOPE, and ALCHEMY. ("Defendant's Trademarks")

14. Initially, Mosaic marketed and sold the products purchased from MTS under Defendant's Trademarks. Then, with MTS's advance knowledge and express spoken and written permission, Mosaic began to sell MTS products under Mosiac's own name and trademarks (a common practice sometimes called "re-branding").

15. Also in its sale of products purchased through MTS, Mosaic uses photographs of the tiles and tile designs offered for sale. Some of the photographs allegedly are subject to Defendant's Copyrights. Other photographs were taken by Mosaic, and Defendant has acknowledged that copyright in those photographs belongs to Mosaic. Mosaic had the express written permission of MTS to use its copyrights in the sale of both re-branded and originally-branded products.

16. In or about December 2006, MTS began to change its policy regarding resellers' use of Defendant's Trademarks and Copyrights. Defendant informed Mosaic that it demanded that Mosaic's website be changed to identify Defendant as the owner of Defendant's Trademarks. Mosaic complied and added notice of ownership by MTS of the trademarks KALEIDOSCOPE ®, and KALEIDOSCOPE® COLORWAYS™ .

17. MTS then complained further about Mosaic's purchase of tiles from a competitor source. MTS asked Mosaic to enter into a formal reseller agreement, but never defined the terms or

1  presented an agreement for discussion. Mosaic and MTS never entered into a formal or informal
2  reseller agreement.
3      18.   On or about February 6, 2007, Plaintiff received a letter from an attorney for MTS.
4  The letter demanded that Plaintiff contact Defendant and work out a reseller agreement in 72 hours.
5  The letter stated that if an agreement were not reached within 72 hours, Mosaic must provide proof
6  that it was promptly deleting all reference to MTS products to avoid being sued for copyright and
7  trademark infringement.
8      19.   On or about February 23, 2007, Plaintiff was notified that a DMCA "48 Hour Take
9  Down Demand" had been filed with Network Solutions, its website hosting provider for its websites at
10 www.mosaictilemarket.com and www.modwalls.com. The DMCA notice was dated February 16, and
11 it demanded that all copyrighted material received from MTS be taken down from Mosaic's websites.
12     20.   Mosaic spent a significant amount of time and money removing the alleged
13 copyrighted material from its websites. It did so under the threat of litigation, despite the fact that it
14 had existing express permission by MTS to use Defendant's Copyrights in the sale of products
15 purchased through Defendant. During the 48 hour period that Mosaic was complying with the
16 wrongfully filed DMCA Notice, it was also contacted by Defendant's counsel and informed that MTS
17 did not want Mosaic to remove Defendant's Trademarks, only Defendant's Copyrights.
18     21.   MTS and Mosaic had an outstanding prepaid order of tile. Mosaic asked to be released
19 from the order, but MTS insisted that the contract continue and that Mosaic accept the delivery for
20 resale. Upon agreement between the parties, Mosaic accepted the shipment and sold it through its
21 website under Defendant's Trademarks. To avoid further dispute, Mosaic did not sell the new
22 shipment under Mosaic's own brand names.
23     22.   Mosaic has been diligently removing MTS products from its website as products stocks
24 sell out. Only a small quantity of MTS product remains in stock. Despite compliance with all of its
25 demands, MTS has actually threatened to sue Mosaic for violating an alleged license agreement and
26 for alleged infringement of its intellectual property rights in violation of the Copyright and Lanham
27 Acts.
28     23.   Based on MTS's claim that it will be damaged by Mosaic's continued use of

Defendant's Trademarks to sell through the remainder of Defendant's product, MTS's threats of litigation over the same, and MTS's wrongful use of the DMCA to force Mosaic to remove permitted images used on its website in connection with the sale of products purchased through MTS, and in light of the fact that Mosaic needs to continue to use MTS's Trademarks to sell its remaining inventory, an actual dispute exists between the parties.

**FIRST CLAIM FOR RELIEF**
**Declaratory Relief - Noninfringement of Copyright**
**17 U.S.C. § 501**

24. Mosaic realleges and incorporates by reference the allegations contained in paragraphs 1-23 above.

25. In light of MTS's claim of infringement by Mosaic of MTS's purported copyrighted designs, Mosaic has a reasonable belief and imminent fear that MTS intends to file suit against Mosaic for copyright infringement under 17 U.S.C. § 501. Mosaic denies any and all claims of liability for such alleged violations.

26. MTS wrongly seeks to prosecute against a permitted use of its copyright for competitive reasons and it knowingly misused its copyright rights to do so.

27. Mosaic has not engaged in any acts with knowledge that such acts may infringe MTS's rights.

28. An actual, justiciable controversy exists between the parties with respect to the alleged liability of Mosaic under 17 U.S.C. § 501.

29. A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Mosaic may ascertain its rights and duties with respect to its sale of the products purchased through MTS.

**SECOND CLAIM FOR RELIEF**
**Declaratory Relief - Noninfringement of Trademark**
**15 U.S.C. § 1125(a)**

30. Mosaic realleges and incorporates by reference the allegations contained in paragraphs 1-29 above.

31. In light of MTS's claim of infringement of its trademarks, Mosaic has a reasonable belief and imminent fear that MTS intends to file suit against Mosaic for trademark infringement under 15 U.S.C. § 1125(a). Mosaic denies any and all claims of liability for such alleged violations. Mosaic's use of Defendant's Trademarks in connection with products purchased through Defendant is not likely to cause confusion, to cause mistake or to deceive the consuming public as to the source, origin, affiliation or sponsorship of the goods.

32. Mosaic has not engaged in any acts either with knowledge that such acts infringe MTS's rights or with the intent to cause confusion or mistake, or to deceive the consuming public.

33. An actual justiciable controversy exists between the parties with respect to the alleged liability of Mosaic under 15 U.S.C. § 1125(a).

34. A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Mosaic may ascertain its rights and duties with respect to its sale of the products purchased through MTS.

**THIRD CLAIM FOR RELIEF**
**Misrepresentation of Copyright**
**17 U.S.C. § 512(f)**

35. Mosaic realleges and incorporates by reference the allegations contained in paragraphs 1-34 above.

36. Upon information and belief, Mosaic's use of Defendant's Copyrights does not infringe any copyright owned by MTS due to MTS's express permission for Mosaic to make such use.

37. Upon information and belief, MTS knew or should have known that Mosaic's use did not infringe any of its copyrights on the date it sent the DMCA complaint to Network Solutions.

38. Accordingly, MTS violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that the Mosaic use infringed its copyrights.

39. As a direct and proximate result of MTS's actions, Plaintiff has been injured substantially and irreparably. Such injuries include but are not limited to the financial and personal expense associated with responding to the DMCA complaint.

## PRAYER FOR RELIEF

WHEREFORE, Mosaic prays for relief against MTS as follows:

(1) A declaratory judgment that the current use by Mosaic of Defendant's Trademarks in connection with the authorized sale of Defendant's products does not infringe any trademark owned by Defendant;

(2) A declaratory judgment that the past use of Defendant's purported copyrights in connection with the authorized sale of Defendant's products does not infringe any copyright owned by Defendant;

(3) Injunctive relief restraining the Defendant, its agents, servants, employees, successors, and assigns, and all others in concert and privity with it, from bringing any lawsuit or threat against Plaintiff of Copyright Infringement or Trademark Infringement or Dilution in connection with Plaintiff's sale of products purchased through Defendant;

(4) Damages according to proof;

(5) Attorneys fees pursuant to 17 U.S.C. § 512 (f), other portions of the Copyright Act including Section 505, on a private Attorney General Basis, or otherwise as allowed by law;

(6) Plaintiff's costs and disbursements; and

(7) Such other and further relief as the Court shall find just and proper.

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

TOWNSEND and TOWNSEND and CREW LLP

Dated: August 3, 2007    By /s/ Judith M. Schvimmer
Paul W. Vapnek
Judith M. Schvimmer
Attorneys for Plaintiffs
SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE MARKET

61116353 v1