DOZIER INTERNET LAW, P.C.
Darrin Holender (State Bar No. 237015)
9701 Wilshire Blvd., Suite 925
Beverly Hills, CA 90212
Telephone:  (310) 651-3011
Facsimile: (310) 651-3012
E-mail: darrin@cybertriallawyer.com

Attorneys for Defendant
MOSAIC TILE SUPPLIES, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE MARKET, a California corporation<br><br>                    Plaintiff,<br><br>        vs.<br><br>MOSAIC TILE SUPPLIES, LLC, a Texas limited liability company,<br><br>                    Defendant. | Case No.: C-07-4007 (PJH)<br><br>**DEFENDANT MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**<br><br>**JUDGE:  HON. PHYLLIS J. HAMILTON** |

COMES NOW Defendant Mosaic Tile Supplies, LLC ("Mosaic Tile"), by and through its attorneys, and alleges as its First Amended Answer to Plaintiff Sunset Mountains, Inc.'s ("Sunset") First Amended Complaint For Declaratory Judgment and Damages ("Complaint"), on information and belief, the following:

1.      Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 1 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Sunset's Complaint seeks injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"); for Intentional Interference with Prospective Business Relationships; for unfair competition

under Cal. Bus. & Prof. Code §§ 17200 *et seq.*; for unfair competition arising under the common law of the state of California; and for declaratory relief.

### PARTIES

2.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 2 and therefore denies them.

3.     The allegations set forth by Plaintiff in Paragraph 3 are admitted.

### JURISDICTION

4.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 4 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

5.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 5 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

### INTRA-DISTRICT ASSIGNMENT

6.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 6 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

### MOSAIC'S BUSINESS

7.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 7 and therefore denies them.

8.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 8 and therefore denies them.

9.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 9 and therefore denies them.

10.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 10 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

11.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 11 and therefore denies them.

### DEFENDANT'S THREATS AND CLAIMS

12.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 12 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

13.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 13.

14.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 14.

15.     The allegations set forth in Paragraph 15 are admitted.

16.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 16 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

17.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 17 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

18.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 18.

19.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 19 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that a telephone conference took place between the parties on or about January 3, 2007.

20.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 20 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that Sunset confirmed that it did acquire tile from other suppliers during the January 3, 2007 telephone conference.

21.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 21 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

22.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 22 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

23.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 23 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that a telephone conference took place on January 25, 2007 between the parties.

24.     The allegations set forth in Paragraph 24 are admitted.

25.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 25 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that it sent an email to Sunset on January 30, 2007.

26.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 26 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that it received an email from Sunset on January 31, 2007.

27.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 27 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that it sent an email to Sunset on February 2, 2007.

28.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 28 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that it received an email from Sunset on February 5, 2007.

29.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 29 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Mosaic Tile's counsel sent a letter to Sunset on February 6, 2007.

30.     The allegations set forth in Paragraph 30 are admitted.

31.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 31 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except Mosaic Tile admits that the DMCA Notice was issued on a Friday.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

32.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 32 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

33.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 33 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

34.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 34 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except that Mosaic Tile admits that through former counsel an email was sent on February 25, 2007 to Sunset's former counsel.

35.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 35 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Mosaic Tile's former counsel contacted Sunset on March 8, 2007.

36.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 36.

37.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 37 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that current counsel for Mosaic Tile did send a letter to Sunset's former counsel on June 7, 2007.

38.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 38 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

39.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 39 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Sunset's former counsel responded to Mosaic Tile's counsel's letter of June 7, 2007 on July 2, 2007.

40.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 40 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

Court, except admits that Mosaic Tile's counsel sent letters to Sunset's former counsel on July 24, 2007 and July 31, 2007.

41.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 41 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Sunset's former counsel sent Mosaic Tile's counsel a letter on July 31, 2007.

42.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 42 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court, except admits that Mosaic Tile sent Sunset's former counsel a letter on August 1, 2007.

43.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 43.

44.    The allegations set forth in Paragraph 44 are admitted.

45.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 45 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

### ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

46.    Mosaic Tile repeats, reiterates, and realleges each of the responses contained in Paragraphs 1 through 45 and incorporates those responses by reference as if set forth in full.

47.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 47 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

48.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 48.

49.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 49.

50.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 50 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

51.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 51 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

1

### ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

2

52.     Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth

3

in paragraphs 1 through 51 and incorporates those responses by reference as if set forth in full.

4

53.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 53 in the

5

form alleged and leaves all questions of fact to the trier of fact and all questions of law to the

6

Court.

7

54.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 54.

8

55.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 55 in the

9

form alleged and leaves all questions of fact to the trier of fact and all questions of law to the

10

Court.

11

56.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 56 in the

12

form alleged and leaves all questions of fact to the trier of fact and all questions of law to the

13

Court.

14

### ANSWER TO PLAINTIFF'S THIRD CLAIM FOR RELIEF

15

57.     Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth

16

in paragraphs 1 through 56 and incorporates those responses by reference as if set forth in full.

17

58.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 58.

18

59.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 59.

19

60.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 60.

20

61.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 61.

21

### ANSWER TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF

22

62.     Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth

23

in paragraphs 1 through 61 and incorporates those responses by reference as if set forth in full.

24

63.     Mosaic Tile lacks sufficient knowledge and information to either admit or deny

25

the allegations set forth by Plaintiff in Paragraph 63 and therefore denies them.

26

64.     Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 64 in the

27

form alleged and leaves all questions of fact to the trier of fact and all questions of law to the

28

Court.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

65.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 65.

66.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 66.

67.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 67.

68.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 68.

### ANSWER TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF

69.    Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth in paragraphs 1 through 68 and incorporates those responses by reference as if set forth in full.

70.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 70.

71.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 71.

72.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 72.

73.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 73.

74.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 74 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

75.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 75.

### ANSWER TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF

76.    Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth in paragraphs 1 through 75 and incorporates those responses by reference as if set forth in full.

77.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 77.

78.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 78.

79.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 79 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

### ANSWER TO PLAINTIFF'S SEVENTH CLAIM FOR RELIEF

80.    Mosaic Tile repeats, reiterates, and realleges the responses to allegations set forth in paragraphs 1 through 79 and incorporates those responses by reference as if set forth in full.

81.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 81.

82.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 82.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

83.    Mosaic Tile denies the allegations set forth by the Plaintiff in Paragraph 83 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

84.    Plaintiff's causes of action fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

85.    Plaintiff failed to mitigate its damages, if any.

### Third Affirmative Defense

86.    Plaintiff's own conduct contributed to and/or caused the injuries of which it now complains, and Plaintiff voluntarily assumed the risk of its own conduct.

### Fourth Affirmative Defense

87.    Plaintiff's causes of action are barred by Plaintiff's own conduct of waiver and estoppel.

### Fifth Affirmative Defense

88.    Plaintiff's causes of action are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

89.    No act or omission of or attributable to the Defendant was a substantial factor in bringing about the occurrences alleged in the Complaint or any damage or loss sustained by Plaintiff, nor was any act or omission of, or attributable to, the Defendant, a contributing cause thereof, and any alleged acts or omissions of, or attributable to, the Defendant were superseded by the acts or omissions of Plaintiff or of other persons, which acts or omissions of Plaintiff and of other persons were the independent, intervening and proximate causes of the occurrences alleged in the Complaint.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

**Seventh Affirmative Defense**

90.     Defendant reserves the right to assert additional affirmative defenses in the event discovery, investigation, or analysis indicates that they are proper.

WHEREFORE, having fully answered, Defendant Mosaic Tile prays for:

A.     That the Complaint herein be dismissed with prejudice and that the Plaintiff takes nothing by its Complaint;

B.     That the Defendant be found not to have violated any provision of law set forth in or implicated by the Complaint;

C.     That the Defendants be granted an award of attorneys' fees and costs; and

D.     That the Court grant Defendant such other and further relief as this Court deems proper and just.

## COUNTERCLAIM

Defendant Mosaic Tile hereby asserts a Counterclaim against the Plaintiff Sunset for Trademark Infringement, Misappropriation of Trade Secrets, Tortious Interference with Prospective Business Relations, Fraud, Breach of Contract, and Unfair Competition and complains and alleges that:

**Parties**

1.     Counterclaim-Plaintiff Mosaic Tile is a Texas limited liability company having its principal place of business at 100 Anthony Lane, Coldspring, Texas 77331.

2.     Upon information and belief, Counterclaim-Defendant Sunset is a California corporation having its principal place of business at 54 Old El Pueblo Road, Suite C, Scotts Valley, California 95066.

1

**Jurisdiction**

2

3.    The Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§

3

1331, 1338 and its ancillary jurisdiction.

4

5

**Facts**

6

4.    Mosaic Tile is the premiere online source for over 700 styles, colors and finishes

7

of glass, stainless steel and porcelain mosaic tiles and made-on-demand mosaic murals and

8

patterns. Mosaic Tile was one of the first companies to sell its products via the Internet when it

9

started its business in March of 2000 via online auction sales, and opened its first website at

10

www.mosaictilesupplies.com in September of 2001.

11

5.    Mosaic Tile established its place in the tile industry by producing the largest tile

12

color palettes and product selection in stock in the United States at affordable prices. Mosaic

13

Tile's method of producing its tile color palettes is one of Mosaic Tile's closely held secrets that

14

has allowed it to maintain its competitive edge. Mosaic Tile diligently and continually

15

maintained and protected its business secrets.

16

6.    Mosaic Tile has established confidential relationships with suppliers and

17

manufacturers that are intrinsic to its business.

18

7.    Mosaic Tile is the owner of U.S. Trademark Registration No. 3111617 for

19

"KALEIDOSCOPE"; U.S. Trademark Registration No. 3193206 for "PRISM"; U.S. Trademark

20

Registration No. 3246410 for "ILLUMINATI"; U.S. Trademark Registration No. 3164829 for

21

"ALCHEMY"; and the common law trademarks for "AURA" and "LYRIC" (collectively known

22

as the "Marks").

23

8.    On or about December 24, 2002, Mosaic Tile received an email from Rebecca

24

Lonergan ("Lonergan") and David Bousfield ("Bousfield") entitled "Interest in Becoming a

25

Regional Distributor." In this email Lonergan and Bousfield offered to discuss the possibility of

26

becoming Mosaic Tile's regional distributors through their business Sunset. Lonergan wrote that

27

her hobby was making beaded jewelry and Bousfield's hobby was making fine furniture. They

28

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

also wrote that they had recently begun working with mosaics in their own workshop; they were "strictly beginners," but "love[d] the learning process." (Exhibit A.)

9.    On or about December 30, 2002, at Lonergan's request, Mosaic Tile held a conference call with Lonergan to discuss Mosaic Tile's business and the role of a regional distributor in that business.  This led to a series of communications between Mosaic Tile and Lonergan and Bousfield, which were conducted with the intent of establishing Sunset as Mosaic Tile's regional distributors on the West Coast.

10.    On or about February 21, 2003, Mosaic Tile entered into a business relationship with Sunset, whereby Sunset became Mosaic Tile's exclusive West Coast distributor.

11.    Mosaic Tile provided training, implementation, set-up and promotion of Sunset as Mosaic Tile's representative. All Mosaic Tile customers who lived on the West Coast were directed to Sunset by Mosaic Tile's representatives and by information on Mosaic Tile's website at www.mosaictilesupplies.com.

12.    Until www.sunsetmountains.com was open for business, Sunset was credited for 95% of the amount charged for orders that were received and charged by Mosaic Tile for retail customers in the West Coast region.

13.    Mosaic Tile did not establish other reseller accounts for the West Coast because of its relationship with Sunset, and Mosaic Tile forwarded proprietary customer contact information for current and new resellers in the West Coast region to Sunset.

14.    In addition, Mosaic Tile provided a wide variety of information to Sunset during this period, including advice on day-to-day operations, contact information for vendors, merchant accounts, and minimums for stocking showroom orders. Mosaic Tile also allowed Sunset to use its product photos, architectural photos and original copies to expedite the opening of the website at www.sunsetmountains.com. Mosaic Tile only provides these photographs to distributors in good standing.

15.    As the exclusive West Coast distributor for Mosaic Tile, Sunset received preferred pricing for Mosaic Tile's products.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

16.     As the exclusive West Coast distributor for Mosaic Tile, Sunset received products directly from Mosaic Tile and Mosaic Tile's suppliers. Sunset then sold these products via its websites at www.sunsetmountains.com, www.mosaictilemarket.com, and www.modwalls.com

17.     As the exclusive West Coast distributor for Mosaic Tile, Sunset was to offer only Mosaic Tile products for sale.

18.     Mosaic Tile provided consulting services to Sunset for the development of the website at www.mosaictilemarket.com. During this design phase, Sunset asked Mosaic Tile if Mosaic Tile had any architectural photographs that Sunset could use on its new website, and Sunset was given permission to use additional photos from Mosaic Tile's site.

19.     Mosaic Tile's integral part in the success and growth of Sunset was acknowledged by Lonergan on a blog post dated October 24, 2006. (Exhibit B.) This entry has since been removed from the Internet by Lonergan.

20.     On or about January 12, 2005, Mosaic Tile granted permission to Sunset to market and distribute a new series of mosaic tile blends using Mosaic Tile's products called "Modwalls." Mosaic Tile registered the domain name "modwalls.com" and transferred the domain name to Sunset to aid in Sunset's marketing efforts for this new series of blends. In addition to reestablishing the continuation of Sunset's activities as Mosaic Tile's exclusive West Coast distributor, discussions between Sunset and Mosaic Tile culminated with an agreement that the Modwalls marketing would be concentrated on the new website in order to attract an additional market segment not currently familiar with Mosaic Tile's product lines. Sunset was to introduce the designs at www.mosaictilemarket.com prior to opening www.modwalls.com.

21.     Sunset offered Modwalls tile blends for sale at www.mosaictilemarket.com without identifying Modwalls as being a palette of tiles specially selected from Mosaic Tile's product line.

22.     Sunset has failed to properly identify Mosaic Tile as the manufacturer of the tiles that make up Modwalls, and its product descriptions misled consumers into believing that Sunset is the manufacturer of Modwalls.

23.    On or about May 2, 2005, Mosaic Tile and Sunset signed a Non-Disclosure Agreement. In the Non-Disclosure Agreement, the parties agreed that Mosaic Tile would disclose certain trade secrets and proprietary and confidential information related to the mosaic tile industry to Sunset ("Confidential Information"). Sunset was to use this Confidential Information for the sole purpose of investigating any business opportunities within the mosaic tile industry. In signing this agreement, Sunset agreed that the Confidential Information was Mosaic Tile's exclusive property and could not be used for Sunset's own purpose.

24.    From 2003 to February 2006, Sunset offered for sale only Mosaic Tile's products.

25.    On or about February 2006, Sunset requested permission to sell other, non-competing products. Mosaic Tile gave permission to Sunset to sell items, such as cork, that did not compete with its products.

26.    On or about March 3, 2006, Lonergan contacted Keith Dewald, who is in charge of Mosaic Tile's fabrication.  Dewald informed Lonergan that, as one of Mosaic Tile's distributors, Sunset must purchase all standard items through Mosaic Tile Supplies. Dewald further informed Lonergan that all orders for standard items or for Modwalls must go through Mosaic Tile.

27.    On April 3, 2006, Mosaic Tile received an email from Lonergan.  While the email was sent to haleigh@mosaictilesupplies.com, the body of the email was addressed to "Peter." Peter is a representative of Homee China, a mosaic tile manufacturer in Shenzhen, China.

28.    The email stated that Lonergan had a customer who wanted a blend of the Prism colors and that she wanted to know if she could order this directly from the addressee's factory. (Exhibit C.)

29.    Mosaic Tile also received multiple "recall request" emails regarding this message. A recall request allows an email sender to recall an email sent via a Microsoft Exchange Server. As Lonergan's email was not sent via such a system, the email was still delivered to Mosaic Tile.

30.    Several minutes after the receipt of this email, Haleigh Stallworth received a second email that was nearly identical to the previous email, except that it was properly

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

1    addressed to Mrs. Stallworth and made mention of ordering this project through Mosaic Tile's

2    overseas agent and factory.  (Exhibit D.)

3         31.    Mosaic Tile confronted Lonergan about the content of the first email addressed to

4    Peter and Sunset's attempt to duplicate Mosaic Tile's tiles and color palettes from another

5    manufacturer. This was a violation of the agreements between the parties.

6         32.    In her apology dated April 12, 2006, Lonergan stated that she had no intention of

7    being disloyal to Mosaic Tile and admitted that she "took the idea too far in thinking that [she]

8    could potentially ask another mfg. (*sic*) to work Prism colors into blends, as that is [Mosaic

9    Tile's] trademark and if anyone should do that it would be [Mosaic Tile]." (Exhibit E.)

10        33.    In Mosaic Tile's response, Mosaic Tile informed Lonergan that if Sunset chose to

11   disassociate from the relationship with Mosaic Tile, then Sunset could not use Mosaic Tile's

12   palettes, trade names or factories. (Exhibit F.)

13        34.    Sunset chose to continue doing business with Mosaic Tile in accordance with the

14   agreements between the parties.

15        35.    On November 15, 2006, Mosaic Tile had a conference call with Longergan and

16   Bousfield to discuss the presentation of Mosaic Tile's products and Modwalls color blends by

17   Sunset on its websites.

18        36.    On or about December 5, 2006, on the advice of former counsel, Mosaic Tile

19   informed its distributors that the distributors would be required to publish notice of the

20   trademarks associated with Mosaic Tile's products in writing on the distributors' websites.

21        37.    Sunset responded to Mosaic Tile by claiming that it would lose customers if these

22   notices were published on its site at www.mosaictilemarket.com.

23        38.    Although Mosaic Tile has never been known by or done business under the name

24   "MTS," nor do any of its other distributors refer to Mosaic Tile as anything other than its full

25   name, on or about January 18, 2007, Mosaic Tile granted permission to Sunset as Mosaic Tile's

26   West Coast distributor that the notice could be attributed to "MTS, LLC", rather than "Mosaic

27   Tile Supplies, LLC," in order to protect Sunset's business.

28

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

39.     During a conference call on or about January 3, 2007, Mosaic Tile and Sunset discussed plans for the upcoming year. During this discussion, Mosaic Tile revealed its plan to assist all of its resellers with developing unique offerings, such as Sunset Mountain's development of Modwalls. Mosaic Tile, however, also informed Sunset that it must decide if it wanted to continue to be a distributor of all of Mosaic Tile's brands or if it wanted to sell only Modwalls. Bousfield said that Sunset was focused on Modwalls, but Lonergan said that Sunset wanted to continue as both distributor for Mosaic Tile and a boutique reseller of Modwalls.

40.     During this conference, Sunset also informed Mosaic Tile that it had already purchased pebbles and river rocks from another source and was planning to import "float-glass-type" tiles. Mosaic Tile vehemently objected to Sunset's plan of offering products in competition to Mosaic Tile's products distributed by Sunset. Mosaic Tile informed them that this was unacceptable and in violation of the existing agreements between the parties. Lonergan and Bousfield recanted their plans and continued the business relationship with Mosaic Tile.

41.     On or about January 12, 2007, Sunset informed Mosaic Tile that it had redesigned its website. The changes to the website were made to promote Modwalls at the expense of Mosaic Tile's brands.

42.     Mosaic Tile reviewed the redesigned website with its former counsel and sent a written notice on January 14, 2007 objecting to the new content on the website.

43.     On or about January 15, 2007, Sunset sent an email to Mosaic Tile and claimed that it had received Mosaic Tile's oral consent prior to making its purchasing decisions and agreed to respect Mosaic Tile's intellectual property rights.

44.     On January 16, 2007, Mosaic Tile refuted the claim that it had consented to Sunset's plan for its purchasing decisions.

45.     On that same day, Sunset sent a wire payment for several invoices, including the balance of an order for Kaleidoscope® tiles that was in the process of being delivered from the factory.

46.     On January 18, 2007, Mosaic Tile sent a list of changes that needed to be made to Sunset's website located at www.mosaictilemarket.com. These changes included correctly

identifying the Mosaic Tile brand names and product names with TM or ®; publishing appropriate copyright information for all written and copyrighted materials obtained from Mosaic Tile's website; removing "Mosaic Tile Supplies" from the website's metatags; presenting a list of Mosaic Tile's marks on the same page that lists Sunset's trademarks; and correcting the photographs on the website to show the proper product name and identifying the photos as copyrighted by Mosaic Tile.

47.    In response, Sunset only removed "Mosaic Tile Supplies" from the website's metatags and fixed the mislabeled "alt" tags for the images.  Before making any other changes, Sunset insisted on further clarification from Mosaic Tile.

48.    On January 25, 2007, Mosaic Tile and Sunset reviewed www.mosaictilemarket.com together. Mosaic Tile informed Sunset that the presentation of the website was unacceptable because it caused customer confusion as to the origin and source of Mosaic Tile's products.

49.    During this phone call, Sunset informed Mosaic Tile that it was no longer a distributor and was now competing with Mosaic Tile.

50.    Mosaic Tile told Sunset that if it wished to resign as distributors of Mosaic Tile's products, it should immediately remove all of Mosaic Tile's photos and content from its website.

51.    On or about January 30, 2007, after Sunset claimed that it had complied with Mosaic Tile's request of January 18th, Mosaic Tile explained that the changes made to Sunset's site had not affected the negative presentation of Mosaic Tile's tile brands.

52.    Between January 30, 2007 and February 16, 2007, Mosaic Tile attempted to resolve the issues that it had with Sunset and its website.  After seeing no change in Sunset's website, and having received no reassurance that further changes would be made, Mosaic Tile issued a DMCA Take Down Notice to Sunset's webhost, Monster Commerce, LLC, on February 16, 2007.

53.    On or about March 2007, Mosaic Tile sent Sunset a shipment of Mosaic Tile's products that had been paid for prior to the termination of the distributor relationship.  Mosaic agreed to let Sunset sell these products, but prohibited Sunset from rebranding Mosaic Tile's

products. Mosaic Tile also required Sunset to correctly identify the contents of this shipment as Mosaic Tile Supplies, LLC products and required that the use of Mosaic Tile's marks immediately cease when the items sold out.

54.     Contrary to the agreement to cease using Mosaic Tile's marks upon the final sale of each applicable product line, Sunset continued to use Mosaic Tile's marks on its website even after the Mosaic Tile product was sold out, and continued rebranding Mosaic Tile's other products as Modwalls.

55.     Customers continued to visit Sunset's website at www.mosaictilemarket.com in search of Mosaic Tile products.  If the Mosaic Tile products were out of stock, the customers were then directed to alternate products made by other manufacturers.

56.     As a result of this misinformation, Mosaic Tile received repeated inquiries from potential customers who asked whether Mosaic Tile's products were being discontinued.

57.     As a result of Sunset's actions, Mosaic Tile has suffered a substantial loss in its business, damage to its reputation, and has had to invest a significant amount of money in order to protect its rights and interests.

**COUNT I**
**TRADEMARK INFRINGEMENT (LANHAM ACT 15 U.S.C. § 1111 *et seq.*)**

58.     Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 57 above and all subsequent allegations in this Counterclaim.

59.     Mosaic Tile granted Sunset a limited license to use the following trademarks to advertise certain products: "KALEIDOSCOPE" -  U.S. Trademark Registration No. 3111617; "PRISM" - U.S. Trademark Registration No. 3193206; "ILLUMINATI" - U.S. Trademark Registration No. 3246410; "ALCHEMY" - U.S. Trademark Registration No. 3164829; and the common law trademarks for "AURA" and "LYRIC" (Collectively known as the "Marks").  This

- 18 -

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

limited license allowed Sunset to display these marks only while Mosaic Tile's corresponding

products were still in Sunset's inventory.

60.    Sunset displayed these Marks in violation of the agreement.  Sunset used Mosaic

Tile's good name and its Marks to attract customers by falsely claiming that it was an authorized

reseller of Mosaic Tile products and that it had Mosaic Tile products in inventory and available

for purchase.

61.    As a result of Sunset's unauthorized use of the Marks, consumers were thus

confused into thinking that Mosaic Tile products were no longer available and Sunset

encouraged consumers to purchase similar products offered by Sunset and other companies.

62.    Sunset's deception influenced the purchasing decisions of potential consumers of

Mosaic Tile's products.

63.    Sunset caused its products to enter interstate commerce.

64.    Mosaic Tile has been seriously injured as a direct and proximate result of these

actions by Sunset.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS**

65.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each

and every allegation of Counterclaim Paragraphs 1 through 64 above and all subsequent

allegations in this Counterclaim.

66.    Mosaic Tile established its place in the tile industry by producing the largest tile

color palettes and product selection in stock in the United States at affordable prices. Mosaic

Tile's method of producing its tile color palettes is one of Mosaic Tile's closely held secrets that

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

has allowed it to maintain its competitive edge. Mosaic Tile diligently and continually maintained and protected its business secrets.

67.    Mosaic Tile has taken reasonable efforts to keep secret its information that has independent economic value because it is not generally known to, and is not readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

68.    Sunset acquired these trade secrets and this proprietary information, including customer lists and supplier information, through its confidential relationship with Mosaic Tile.

69.    Sunset used this confidential information and trade secrets obtained Mosaic Tile to Sunset's advantage.

70.    Mosaic Tile has been seriously damaged as a result of Sunset's use of Mosaic Tile's trade secrets.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

71.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 70 above and all subsequent allegations in this Counterclaim.

72.    Mosaic Tile had valid business expectancies between itself and potential customers for Mosaic Tile products who visited www.mosaictilemarket.com because of Mosaic Tile's marks on the website.

73.    Sunset knew of the existence of the valid business expectancies, relations, and likelihood of contracts between Mosaic Tile and its potential clients.

74.    Sunset, through the misconduct alleged herein, willfully and intentionally interfered with these business expectancies by misleading consumers into believing that it was still an authorized distributor of Mosaic Tile goods and that it still had Mosaic Tile's products for sale in inventory.

75.    Customers then were informed either directly or indirectly that the particular Mosaic Tile product that the customer was interested in was either no longer in inventory or no longer in production.  These customers were offered other competing products in place of Mosaic Tile's products.

76.    Absent Sunset's intentional misconduct, Mosaic Tile would have realized these expectancies.

77.    Sunset knew that absent its conduct, Mosaic Tile would have realized these expectancies.

78.    Mosaic Tile has been seriously damaged as a direct and proximate result of this tortious interference with business expectancies by the Sunset.

**COUNT IV**
**FRAUD**

79.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 78 above and all subsequent allegations in this Counterclaim.

80.    Sunset intentionally and knowingly, and with the intent to mislead Mosaic Tile, falsely represented that it would not improperly use the products and Marks provided to Sunset by Mosaic Tile.

81.    Mosaic Tile relied on these material misrepresentations.

82.    Such conduct was made knowingly and intentionally and represented a total disregard for the rights of Mosaic Tile.

83.    Sunset improperly used the Marks and products provided it by Mosaic Tile.

84.    Mosaic Tile has been injured as a direct and proximate result of this reliance.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

**COUNT V**
**BREACH OF CONTRACT (EXCLUSIVE DISTRIBUTORSHIP)**

85.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 84 above and all subsequent allegations in this Counterclaim.

86.    Mosaic Tile and Sunset entered into a legally enforceable contract for the exclusive distributorship of Mosaic Tile's products in the West Coast.

87.    Mosaic Tile fulfilled all of its obligations under the agreement.

88.    Pursuant to the agreement, Sunset was granted the right to sell Mosaic Tile's products on Sunset's website, with the express provision that Sunset could not sell materials that would compete with Mosaic Tile's products.  Sunset, however, procured materials from other sources that were similar to Mosaic Tile's products and offered these materials for sale on its website, thereby breaching this contract

89.    Mosaic Tile has been seriously damaged as a direct and proximate result of this breach of contract by Sunset.

**COUNT VI**
**BREACH OF CONTRACT (LICENSING AGREEMENT)**

90.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 89 above and all subsequent allegations in this Counterclaim.

91.    Under a separate binding agreement, Mosaic Tile granted Sunset a limited license to use Mosaic Tile's Marks only while selling Mosaic Tile's products that Sunset still had in inventory.

92.    Mosaic Tile performed all of its obligations under the Agreement.

93.    Sunset breached this contact by continuing to display Mosaic Tile's Marks after the particular Mosaic Tile products were no longer in inventory.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

94.    Mosaic Tile has been seriously damaged as a direct and proximate result of this breach of contract by Sunset.

**COUNT VII**
**UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 et seq.)**

95.    Mosaic Tile incorporates by reference, as if fully enumerated in this Count, each and every allegation of Counterclaim Paragraphs 1 through 94 above and all subsequent allegations in this Counterclaim.

96.    Sunset has engaged and continues to engage in business practices as alleged herein that constitute unfair competition and that are unlawful, unfair and fraudulent.  Sunset also has engaged and continues to engage in advertising practices that are unfair, deceptive, untrue, and misleading.  These practices are in violation of the California Business & Professions Code Sections 17200 *et seq.,* which prohibit unfair, unlawful, and fraudulent business acts.

97.    Mosaic Tile is entitled to an order enjoining Sunset's unfair business practices and thereby prohibiting Sunset from continuing such acts of unfair competition and deceptive advertising.

98.    Mosaic Tile is also entitled to an order of restitution due to Sunset's acts of unfair competition and Sunset's unfair business practices.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff prays that the Court enter judgment in its favor against Counterclaim-Defendant as follows:

1.    That liability be found and judgment entered against Counterclaim-Defendant Sunset.

2.    That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining Sunset, their directors, officers, agents, employees, partners, representatives, co-ventures, and all other persons acting on their behalf or in concert with them from using Mosaic Tile's trademarks.

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

3.      That the Court grant preliminary and permanent injunctive relief against Sunset and its agents, servants and employees and all others acting in concert with it enjoining it from directly or indirectly interfering with the promotion, distribution and sale of Mosaic Tile's products.

4.      That the Court award Counterclaim-Plaintiff its statutory and/or actual damages caused by Counterclaim-Defendant, including all profits realized by Counterclaim-Defendant through its unlawful acts.

5.      That the Court award Counterclaim-Plaintiff increased, punitive and/or trebled damages.

6.      That the Court award Counterclaim-Plaintiff its costs and attorney's fees in bringing and maintaining this action.

7.      That the Court grant such other and further relief as it shall deem just and proper.

## DEMAND FOR JURY TRIAL

Mosaic Tile Supplies, LLC hereby demands a jury trial as provided in the Federal Rules of Civil Procedure 38(b).


Dated this 3rd day of December, 2007.            Respectfully submitted,


DOZIER INTERNET LAW, P.C.

/s/ Darrin Holender
Darrin Holender, Esq.
California State Bar No. 237015
Dozier Internet Law, P.C.
9701 Wilshire Blvd., Suite 925
Beverly Hills, CA 90212
Telephone: (310) 651-3011
Facsimile: (310) 651-3012
E-mail: darrin@cybertriallawyer.com

*Attorneys for Mosaic Tile Supplies, LLC*

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

1

2

<u>**CERTIFICATE OF SERVICE**</u>

3  I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of

4  the Court using the CM/ECF system which will send notification of such filing to the following:

5  Paul W. Vapnek, Esq. (State Bar No. 36576)
Judith M. Schvimmer, Esq. (State Bar No. 230285)

6  TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, 8th Floor

7  San Francisco, California 94111
Telephone: (415) 576-0200

8  Facsimile: (415) 576-0300
pwvapnek@townsend.com

9  jmschvimmer@townsend.com

10

11  *Attorneys for Sunset Mountains, Inc.*

12

13

14

15

16                                        /s/ Darrin Holender_____
Darrin Holender, Esq.

17                                        California State Bar No. 237015
Dozier Internet Law, P.C.

18                                        9701 Wilshire Blvd., Suite 925
Beverly Hills, CA 90212

19                                        Telephone:  (310) 651-3011
Facsimile: (310) 651-3012

20                                        E-mail: darrin@cybertriallawyer.com

21

22                                        *Attorneys for Mosaic Tile Supplies, LLC*

23

24

25

26

27

28

Sunset Mountains, Inc., d/b/a Mosaic Tile Market v. Mosaic Tile Supplies, LLC
CASE NO C07-4007 PJH
**MOSAIC TILE SUPPLIES, LLC'S FIRST AMENDED ANSWER AND COUNTERCLAIM**