1  TOWNSEND AND TOWNSEND AND CREW LLP
   PAUL W. VAPNEK   (State Bar No. 36576)
2  JUDITH M. SCHVIMMER   (State Bar No. 230285)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California   94111
   Telephone:  (415) 576-0200
4  Facsimile:  (415) 576-0300
   pwvapnek@townsend.com
5  jmschvimmer@townsend.com

6  Attorneys for Plaintiff and Counterclaim Defendant
   SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE
7  MARKET

8

   DOZIER INTERNET LAW, P.C.
9  JOHN W. DOZIER (*pro hac vice*)
   DONALD E. MORRIS (*pro hac vice*)
10 DARRIN HOLENDER   (State Bar No. 237015)
   301 Concourse Blvd.
11 West Shore III, Suite 300
   Glen Allen, Virginia 23059
12 Telephone: (804) 346-9770
   Facsimile: (804) 346-0800
13 jwd@cybertriallawyer.com
   don@cybertriallawyer.com
14 darrin@cybertriallawyer.com

15

   Attorneys for Defendant and Counterclaimant
16 MOSAIC TILE SUPPLIES, LLC

17

18                 UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20

21 SUNSET MOUNTAINS, INC., d/b/a MOSAIC        Civil Action No. C 07 4007 (PJH)
   TILE MARKET. a California corporation,
22                                            JOINT CASE MANAGEMENT
23                  Plaintiff,                STATEMENT AND [PROPOSED]
                                              ORDER
24          v.

25 MOSAIC TILE SUPPLIES, LLC, a Texas
   limited liability company,                 Conference Date: December 13, 2007
26                                            Time: 2:30 p.m.
                    Defendant.                Courtroom: 3
27

28

1     Pursuant to this Court's Standing Order and, the Federal Rules of Civil Procedure, the parties

2 jointly submit this Case Management Statement and Proposed Order following a meet and confer on

3 Wednesday, December 5, 2007 among Judith M. Schvimmer, for the Plaintiff and Counterclaim

4 Defendant Sunset Mountains, Inc. d/b/a Mosaic Tile Market ("Mosaic"), and Donald E. Morris and

5

6 Nicholas T. Moraites, for the Defendant and Counterclaimant Mosaic Tile Supplies, LLC ("MTS").

7 Each party certifies that its lead trial counsel who will try this case met and conferred for the

8 preparation of this Statement.

9     The parties make the following representations and recommendations:

10

11     A. JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION

12     The parties entered into a business relationship in 2003. Plaintiff, an operator of an online tile

13 showroom and store, contends that this relationship was purely that of a reseller, in which the Plaintiff

14 resold the Defendant's products. Defendant, an online source for glass, stainless steel, and porcelain

15 mosaic tiles, alleges that this relationship was that of an exclusive distributorship, whereby Plaintiff

16 was to sell only Defendant's products on its website and not compete with the Defendant.

17     In late 2006, the Defendant contends that Plaintiff violated the terms of an alleged agreement

18 between the parties. Plaintiff denies that there was any such agreement or that it violated any of the

19

20 terms of such agreement. The parties agreed to end the business relationship under specific terms

21 which are, in part, in dispute.

22     Defendant contends that the Plaintiff infringed on Defendant's trademarks during this period.

23 Plaintiff denies any such violation. There continues to be a dispute between the parties regarding the

24 nature of the relationship and use of Defendant's intellectual property.

25     Plaintiff alleged in its First Amended Complaint for a Declaratory Judgment that Defendant

26 misused its copyrights, committed acts of unfair competition, and tortiously interfered with

27 prospective business relationships. Defendant has denied these claims and filed a Counterclaim

28

1    alleging trademark infringement, tortious interference of prospective business relations,

2    misappropriation of trade secrets, unfair competition, and breach of contract.

3                                    B.    PRINCIPAL ISSUES

4        1.    The principal factual issues that the parties dispute are:

5            a.  the nature of the parties' business relationship

6            b.  the terms of the parties' termination of their business relationship

7

8            b.  the extent of the parties' respective intellectual property rights

9        2.    The principal legal issues that the parties dispute are:

10           a.  the extent of MTS's trademark rights and whether those rights have been

11               infringed through Mosaic's marketing and sale of MTS products;

12           b.  the extent of MTS's copyright rights and whether those rights have been

13               infringed through Mosaic's marketing and sale of MTS products and

14               whether those rights were misrepresented in connection with MTS's DMCA

15               Take Down Notice;

16           c.  the legal relationship between the parties, including whether Mosaic was a

17               licensee of MTS and whether Mosaic was an exclusive distributor of MTS;

18           d.  the legal obligations connected to the resale of another manufacturer's

19               product;

20           e.  the existence of any trade secret protection for the parties' respective

21               business information;

22           f.  whether either party intentionally misled the other or made knowingly false

23               representations;

24           g.  whether the parties competed unfairly;

h.  whether either party intentionally interfered with the other's business relationships with third parties;

3.  The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:

Neither party believes there are any such issues.

4.  The following parties have not yet been served:

None at this time

5.  Any additional parties that a party intends to join are listed below:

None at this time

6.  Any additional claims that a party intends to add are listed below:

None at this time.

### C.    ALTERNATIVE DISPUTE RESOLUTION

The parties agree to mediation of the litigation and aim to hold a mediation session before April 15, 2008.

### D.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

Neither party consents to a trial presided over by a Magistrate Judge.

### E.    DISCLOSURES

The parties certify that on or before the December 27, 2007 deadline, they will have made the following disclosures in a Rule 26(f) report:

1.  Persons to be disclosed pursuant to Rule 26

2.  Categories of documents disclosed under Rule 26 or produced through formal discovery

3.  A preliminary analysis of the damages or of the offset

4.    Neither party has any relevant insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D)

5.    The parties will disclose the following additional information by the date listed:

None at this time

Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the following intervals:  At three-month intervals.

## F.    EARLY FILING OF MOTIONS

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

At this time the parties anticipate that there will be motions for summary judgment.

## G.    DISCOVERY

1.    The parties have conducted or have underway the following discovery:

None.

2.    The parties have negotiated the following discovery plan:

Only the limitations set forth below.

3.    Limitations on discovery tools:

a.    depositions (excluding experts) by:

Plaintiff:  _10_             Defendant:  _10_

b.    interrogatories served by:

Plaintiff:  _25_             Defendant:  _25_

c.    document production requests served by:

Plaintiff:  _70_             Defendant:  _70_

d.    requests for admission served by:

Plaintiff:  _40_             Defendant:  _40_

4.    The parties agree to the following limitations on the subject matter of discovery:

As set forth in the applicable Federal Rules.

5.    Discovery from experts.  The parties tentatively plan to offer expert testimony as to the

following subject matter(s):

Resale rights, particularly with regard to use of manufacturer's and reseller's respective

trademarks on resale of product

Economic damages

Legal relationship between the parties

Whether MTS misrepresented its copyrights in connection with its service of a DMCA

Take Down Notice

6.    The Court orders the following additional limitations on the subject matter of

discovery:

7.    Deadlines for disclosure of witnesses and completion of discovery:

a.    completion of all discovery except from experts:

120 days before trial

b.    disclosure of identities, resumes, final reports and all other matters required by Fed.

R. Civ. P. 26(a)(2):

90 days before trial

Rebuttal reports: two weeks subsequent to the disclosure date above

c.    completion of discovery from experts: 90 days before trial

H.    ADDITIONAL TOPICS SET FORTH IN F.R.C.P. 26(F)

1.    Electronic Discovery:

The parties agree to produce any electronically stored documents in a manner which

meets the Federal requirement of producing electronic data in reasonably useable form.  The

parties further agree to limit requests for metadata to five individuals but reserve the right to

seek metadata from additional individuals as needed.

2.       Privilege:

The parties agree that a two-tiered protective order should be entered governing the

handling of confidential material.  The parties will work towards a proposed protective order.

## I.       PRETRIAL AND TRIAL SCHEDULE

1.       Trial date:  February 9, 2009

2.       Anticipated length of trial (number of days): 4 days

3.       Type of trial:    __X__   jury            _____  court

4.       Final pretrial conference date:  January 26, 2009

5.       Deadline to hear motions directed to the merits of all or part of the case: 60 days prior

to the trial date

## J.       DATE OF NEXT CASE MANAGEMENT/STATUS CONFERENCE

## K.       OTHER MATTERS

None at this time

## L       IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL

Dated:  December 6, 2007                By_____

Paul W. Vapnek
Judith M. Schvimmer
Attorneys for Plaintiff and Counterclaim Defendant
SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE
MARKET

Dated:  December 6, 2007                By_____

John W. Dozier, Jr.
Donald E. Morris
Darrin Holender
Attorneys for Defendant and Counterclaimant
MOSAIC TILE SUPPLIES, LLC

1    The court finds that each party was represented by lead trial counsel responsible for trial of this

2    matter and was given an opportunity to be heard as to all matters encompassed by this Case

3    Management Statement and Proposed Order filed prior to this conference.  The court adopts this

4    statement as modified.

5    The foregoing joint statement as amended is adopted by this court as the Case Management

6    Order in this action.

7

8    The Court makes the following additional orders:

9

10

11    IT IS SO ORDERED.

12    Dated: _____

13                                                        _____
                                                          Honorable Phyllis J. Hamilton,
14                                                        UNITED STATES DISTRICT JUDGE

15

16    61227488 v1

17

18

19

20

21

22

23

24

25

26

27

28