1  TOWNSEND AND TOWNSEND AND CREW LLP
   PAUL W. VAPNEK (State Bar No. 36576)
2  JUDITH M. SCHVIMMER (State Bar No. 230285)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   pwvapnek@townsend.com
5  jmschvimmer@townsend.com

6  Attorneys for Plaintiff and Counterclaim Defendant
   SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE
7  MARKET

8  DOZIER INTERNET LAW, P.C.
   JOHN W. DOZIER (*pro hac vice*)
9  DONALD E. MORRIS (*pro hac vice*)
   DARRIN HOLENDER (State Bar No. 237015)
10  301 Concourse Blvd.
    West Shore III, Suite 300
11  Glen Allen, Virginia 23059
    Telephone: (804) 346-9770
12  Facsimile: (804) 346-0800
    jwd@cybertriallawyer.com
13  don@cybertriallawyer.com
    darrin@cybertriallawyer.com
14
    Attorneys for Defendant and Counterclaimant
15  MOSAIC TILE SUPPLIES, LLC

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18

19  SUNSET MOUNTAINS, INC., d/b/a MOSAIC        Civil Action No. C 07 4007 (PJH)
    TILE MARKET. a California corporation,
20                                              **[REVISED] JOINT CASE MANAGEMENT**
                      Plaintiff,                **STATEMENT AND [PROPOSED] ORDER**
21
            v.
22
    MOSAIC TILE SUPPLIES, LLC, a Texas          Conference Date:    December 13, 2007
23  limited liability company,                  Time:               2:30 p.m.
                                                Courtroom:          3
24                    Defendant.

25

26         Pursuant to this Court's Standing Order and, the Federal Rules of Civil Procedure, the parties

27  jointly submit this Case Management Statement and Proposed Order following a meet and confer on

28  Wednesday, December 5, 2007 and Tuesday, December 18, 2007 among Judith M. Schvimmer and

1   Heidi J. Kim, for the Plaintiff and Counterclaim Defendant Sunset Mountains, Inc. d/b/a Mosaic Tile

2   Market ("Mosaic"), and Donald E. Morris and Nicholas T. Moraites, for the Defendant and

3   Counterclaimant Mosaic Tile Supplies, LLC ("MTS").  Each party certifies that its lead trial counsel

4   who will try this case met and conferred for the preparation of this Statement.

5   The parties make the following representations and recommendations:

6   1.   **JURISDICTION AND SERVICE**

7        This is a civil action seeking injunctive relief and damages for misrepresentation of copyright

8   claims under the Digital Millennium Copyright Act ("DMCA"); for Intentional Interference with

9   Prospective Business Relationships; for unfair competition arising under the Federal Trademark Act of

10   1946 (the "Lanham Act"), 15 U.S.C. §§ 1052 et seq.; for unfair competition under Cal. Bus. & Prof.

11   Code §§ 17200 et seq.; for unfair competition arising under the common law of the state of California;

12   and for declaratory relief.  Jurisdiction is proper in this Court over Mosaic's claims and MTS'

13   counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.  Neither party believes there are any unresolved

14   issues as to service of process, personal jurisdiction, venue, or whether any parties remain to be served.

15   2.   **FACTS**

16        The parties entered into a business relationship in 2003. Plaintiff, an operator of an online tile

17   showroom and store, contends that this relationship was purely that of a reseller, in which the Plaintiff

18   resold the Defendant's products.  Defendant, an online source for glass, stainless steel, and porcelain

19   mosaic tiles, alleges that this relationship was that of an exclusive distributorship, whereby Plaintiff was

20   to sell only Defendant's products on its website and not compete with the Defendant.

21        In late 2006, the Defendant contends that Plaintiff violated the terms of an alleged agreement

22   between the parties.  Plaintiff denies that there was any such agreement or that it violated any of the

23   terms of such agreement.  The parties agreed to end the business relationship under specific terms which

24   are, in part, in dispute.

25        Defendant contends that the Plaintiff infringed on Defendant's trademarks during this period.

26   Plaintiff denies any such violation.  There continues to be a dispute between the parties regarding the

27   nature of the relationship and use of Defendant's intellectual property.

28        Plaintiff alleged in its First Amended Complaint for a Declaratory Judgment that Defendant

1  misused its copyrights, committed acts of unfair competition, and tortiously interfered with prospective

2  business relationships.  Defendant has denied these claims and filed a Counterclaim alleging trademark

3  infringement, tortious interference of prospective business relations, misappropriation of trade secrets,

4  unfair competition, and breach of contract.

5  3.    **LEGAL ISSUES**

6         The principal legal issues that the parties dispute are:

7         A.  the extent of MTS's trademark rights and whether those rights have been infringed through

8             Mosaic's marketing and sale of MTS products;

9         B.  the extent of MTS's copyright rights and whether those rights have been infringed through

10            Mosaic's marketing and sale of MTS products and whether those rights were misrepresented in

11            connection with MTS's DMCA Take Down Notice;

12        C.  the legal relationship between the parties, including whether Mosaic was a licensee of MTS

13            and whether Mosaic was an exclusive distributor of MTS;

14        D.  the legal obligations connected to the resale of another manufacturer's product;

15        E.  the existence of any trade secret protection for the parties' respective business information;

16        F.  whether either party intentionally misled the other or made knowingly false representations;

17        G.  whether the parties competed unfairly; and

18        H.  whether either party intentionally interfered with the other's business relationships with third

19            parties.

20  4.    **MOTIONS**

21         There are no pending motions.  The parties anticipate filing motions for summary judgment.

22  5.    **AMENDMENT OF PLEADINGS**

23         Neither party anticipates adding or dismissing parties, claims, or defenses at this time.

24  6.    **EVIDENCE PRESERVATION**

25         Mosaic and MTS intend to take steps, including the suspension of normal document destruction

26  programs and the institution of a litigation hold for both hardcopy documents and electronic documents,

27  to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any

28  document-destruction program and any ongoing erasure of e-mails, voice mails, and other

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                                            - 3 -

1   electronically-recorded material.

2   7.    **DISCLOSURES**

3       The parties certify that on or before the December 27, 2007 deadline, they will have made the

4   following disclosures in a Rule 26(f) report:

5       1.    Persons to be disclosed pursuant to Rule 26

6       2.    Categories of documents disclosed under Rule 26 or produced through formal discovery

7       3.    A preliminary analysis of the damages or of the offset

8       4.    Neither party has any relevant insurance policies as defined by Fed. R. Civ. P.

9   26(a)(1)(D)

10      5.    Disclosures as required by Rule 26 will be supplemented at three-month intervals.

11  8.    **DISCOVERY**

12      1.    The parties have conducted or have underway the following discovery:

13          None.

14      2.    The parties have negotiated the following discovery plan:

15          Only the limitations set forth below.

16      3.    Limitations on discovery tools:

17          a.    depositions (excluding experts) by:

18              Plaintiff: <u>10</u>          Defendant: <u>10</u>

19          b.    interrogatories served by:

20              Plaintiff: <u>25</u>          Defendant: <u>25</u>

21          c.    document production requests served by:

22              Plaintiff: <u>70</u>          Defendant: <u>70</u>

23          d.    requests for admission served by:

24              Plaintiff: <u>40</u>          Defendant: <u>40</u>

25      4.    The parties agree to the following limitations on the subject matter of discovery:

26          As set forth in the applicable Federal Rules.

27      5.    Discovery from experts. The parties tentatively plan to offer expert testimony as to the

28  following subject matter(s):

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                                   - 4 -

1          Resale rights, particularly with regard to use of manufacturer's and reseller's respective

2          trademarks on resale of product;

3          Economic damages;

4          Legal relationship between the parties; and

5          Whether MTS misrepresented its copyrights in connection with its service of a DMCA

6          Take Down Notice.

7      6.    The Court orders the following additional limitations on the subject matter of discovery:

8      7.    Deadlines for disclosure of witnesses and completion of discovery:

9          a.    completion of all discovery except from experts:

10         120 days before trial

11         b.    disclosure of identities, resumes, final reports and all other matters required by

12         Fed. R. Civ. P. 26(a)(2):

13         90 days before trial

14         Rebuttal reports:  two weeks subsequent to the disclosure date above

15         c.    completion of discovery from experts: 90 days before trial

16 9.    **CLASS ACTIONS**

17     This is not a class action.

18 10.    **RELATED CASES**

19     There are no related cases.

20 11.    **RELIEF**

21     Mosaic seeks a declaratory judgment that the current use by Mosaic of MTS' Trademarks in

22 connection with the authorized sale of MTS' products does not infringe any trademark owned by

23 Defendant.  Mosaic also seeks a declaratory judgment that the past use of MTS' purported copyrights in

24 connection with the authorized sale of MTS' products does not infringe any copyright owned by MTS.

25 MTS also seeks injunctive relief restraining MTS, its agents, servants, employees, successors, and

26 assigns, and all others in concert and privity with it, from bringing any lawsuit or threat against Mosaic

27 of Copyright Infringement or Trademark Infringement or Dilution in connection with Mosaic's sale of

28 products purchased through MTS.  Mosaic also seeks an award of damages, an award of costs and

1  disbursements, and an award of attorney's fees pursuant to 17 U.S.C. § 512 (f), other portions of the

2  Copyright Act including Section 505, on a private Attorney General Basis, or otherwise as allowed by

3  law.

4       MTS seeks injunctive relief restraining Mosaic, their directors, officers, agents, employees,

5  partners, representatives, co-ventures, and all other persons acting on their behalf or in concert with

6  them from using MTS' trademarks. MTS also seeks injunctive relief restraining Mosaic and its agents,

7  servants, and employees and all others acting in concert with it from directly or indirectly interfering

8  with the promotion, distribution and sale of MTS' products.  MTS also seeks an award of damages,

9  including an award of actual and/or statutory damages based on liability to be established related to

10  trademark infringement, misappropriation of trade secrets, tortious interference with prospective

11  business relations, fraud, and breach of contract.  These damages include 1) Mosaic's gross revenue

12  earned as a result of Mosaic's illegal actions, 2) MTS' lost profits due to Mosaic's illegal actions, and 3)

13  the value of the trade secrets that Mosaic misappropriated.  Much of the basis of calculation will be

14  Mosaic's financial information provided by Mosaic during discovery.  In addition, MTS also seeks

15  increased, punitive, and/or trebled damages, an award of costs and disbursements, and an award of

16  attorney's fees pursuant to the Lanham Act, 15 § U.S.C. 1117, and/or to the extent otherwise permitted

   by law.

17  12.    **SETTLEMENT AND ADR**

18       The parties agree to mediation of the litigation and aim to hold a mediation session before

19  April 15, 2008.

20  13.    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

21       Neither party consents to a trial presided over by a Magistrate Judge.

22  14.    **OTHER REFERENCES**

23       The parties do not believe that this case is suitable for reference to binding arbitration, a special

24  master, or the Judicial Panel on Multidistrict Litigation.

25  15.    **NARROWING OF ISSUES**

26       The parties are not aware of any issues that can be narrowed by agreement or motion at this time.

27  The parties believe that discovery is not mature enough and trial is too remote at this time to determine

28  issues that can be narrowed, suggestions to expedite the presentation of evidence at trial, or whether

1    bifurcation of issues, claims or defenses is appropriate.  The parties intend to address these issues as

2    discovery proceeds and the issues become clearer.

3    16.    **EXPEDITED SCHEDULE**

4         The parties at this time do not believe that this is the type of case that can be handled on an

5    expedited basis with streamlined procedures.

6    17.    **SCHEDULING**

7         The schedule has been set by the Court as follows:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | September 17, 2008 |
| Expert Disclosure: | November 19, 2008 |
| Expert Discovery Cutoff: | January 21, 2009 |
| Dispositive Motions heard by: | November 19, 2008 |
| Pretrial Conference: | February 19, 2009 |
| Trial: | March 16, 2009 at 8:30 a.m. |

18.    **TRIAL**

     The case will be tried to a jury.  The expected length of the trial is four days.

19.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

     Both MTS and Mosaic have filed their respective "Certification of Interested Entities or Persons"

as required by Civil Local Rule 3-16.

     Pursuant to Civil L.R. 3-16, MTS certifies as of this date, other than named parties, there is no

such interest to report.

     Pursuant to Civil L.R. 3-16, Mosaic certifies as of this date, other than named parties, there is no

such interest to report.

20.    **OTHER MATTERS**

     At this time, there are no other matters to report which would facilitate the just, speedy, and

inexpensive disposition of this matter.

- 8 -

1

2

3

4

5    Dated:  December 19, 2007                By_____

6                                            Paul W. Vapnek
                                             Judith M. Schvimmer
7                                            Attorneys for Plaintiff and Counterclaim Defendant
                                             SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE
                                             MARKET
8

9

10

11   Dated:  December 19, 2007                By_____

12                                           John W. Dozier, Jr.
                                             Donald E. Morris
                                             Darrin Holender
13                                           Attorneys for Defendant and Counterclaimant
                                             MOSAIC TILE SUPPLIES, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## [PROPOSED] CASE MANAGEMENT ORDER

2       The court finds that each party was represented by lead trial counsel responsible for trial of this

3    matter and was given an opportunity to be heard as to all matters encompassed by this Case

4    Management Statement and Proposed Order filed prior to this conference. The court adopts this

5    statement as modified.

6       The foregoing joint statement as amended is adopted by this court as the Case Management Order

7    in this action.

8    **IT IS SO ORDERED.**

9    Dated: _____

10                                    _____
                                      Honorable Phyllis J. Hamilton
                                      UNITED STATES DISTRICT JUDGE

11

12   61235246 v1

13

14

15

16

17

18

19          ,

20

21

22

23

24

25

26

27

28