1  TOWNSEND AND TOWNSEND AND CREW LLP
   PAUL W. VAPNEK (State Bar No. 36576)
2  JUDITH M. SCHVIMMER (State Bar No. 230285)
   Two Embarcadero Center, Eighth Floor
3  San Francisco, California  94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   pwvapnek@townsend.com
5  jmschvimmer@townsend.com

6  Attorneys for Plaintiff and Counterdefendant
   SUNSET MOUNTAINS, INC., d/b/a
7  MOSAIC TILE MARKET

8

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13

14  SUNSET MOUNTAINS, INC., d/b/a MOSAIC        Case No.    C-07-4007 (PJH)
    TILE MARKET, a California corporation,
15                                              **SUNSET MOUNTAINS, INC.'S**
                       Plaintiff,               **REPLY TO MOSAIC TILE**
16                                              **SUPPLIES, LLC'S**
                       v.                       **COUNTERCLAIMS**
17
    MOSAIC TILE SUPPLIES, LLC, a Texas
18  limited liability company,,

19                     Defendant.

20

21         Plaintiff and counterclaim defendant Sunset Mountains, Inc. ("Mosaic") hereby answers the

22  Counterclaims of Defendant Mosaic Tile Supplies, LLC ("MTS") as follows:

23

24                            **PARTIES**

25         1.    Mosaic admits the allegations of paragraph 1.

26         2.    Mosaic admits the allegations of paragraph 2.

27                          **JURISDICTION**

28         3.    Mosaic admits the allegations of paragraph 3.

1

2

**FACTS**

3

4.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies each and every allegation contained therein.

4

5

5.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies each and every allegation contained therein.

6

7

6.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies each and every allegation contained therein.

8

9

7.     Mosaic admits the allegations of paragraph 7.

10

8.     Mosaic admits that it sent an email to MTS on December 24, 2002. Mosaic admits that the email stated that Lonergan's hobby was making beaded jewelry and Bousfield's hobby was making fine furniture. Mosaic admits that the email stated that Longeran and Bousfield had begun working with mosaics in their own workshop and that they were "strictly beginners" and were "loving the learning process." Mosaic denies the remaining allegations of paragraph 8.

11

12

13

14

9.     Mosaic admits that it participated in a conference call with MTS on or about December 30, 2002. Mosaic denies the remaining allegations of paragraph 9.

15

16

10.     Mosaic denies the allegations of paragraph 10.

17

11.     Mosaic denies the allegations in paragraph 11 in the form alleged and leaves all questions of fact to the trier of fact and all questions of law to the Court.

18

19

12.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies each and every allegation contained therein.

20

21

13.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies each and every allegation contained therein.

22

23

14.     Mosaic admits that MTS provided a wide variety of information to Mosaic during the period mentioned in paragraph 14. As to the remaining allegations in paragraph 14, Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

24

25

26

27

15.     Mosaic denies the allegations in paragraph 15.

28

- 2 -

16.     Mosaic denies that it was the exclusive West Coast distributor for MTS.  Mosaic admits the remaining allegations of paragraph 16.

17.     Mosaic denies the allegations of paragraph 17.

18.     Mosaic admits the allegations of paragraph 18.

19.     Mosaic denies the allegations of paragraph 19.

20.     Mosaic admits that MTS registered the domain name "modwalls.com" and transferred the domain name to Sunset to aid in Mosaic's marketing efforts for this new series of blends.  Mosaic denies the remaining allegations of paragraph 20.

21.     Mosaic admits the allegations of paragraph 21.

22.     Mosaic denies the allegations of paragraph 22.

23.     Mosaic admits the allegations of paragraph 23.

24.     Mosaic denies the allegations of paragraph 24.

25.     Mosaic denies the allegations of paragraph 25.

26.     Mosaic admits that Lonergan contacted Keith Dewald on or about March 3, 2006.  Mosaic denies the remaining allegations of paragraph 26.

27.     Mosaic admits the allegations of paragraph 27.

28.     Mosaic admits the allegations of paragraph 28.

29.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis denies each and every allegation contained therein.

30.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis denies each and every allegation contained therein.

31.     Mosaic admits that MTS contacted Lonergan to discuss the content of Lonergan's email to MTS.  Mosaic denies the remaining allegations of paragraph 31.

32.     Mosaic admits the allegations of paragraph 32.

33.     Mosaic admits the allegations of paragraph 33.

34.     Mosaic denies the allegations in paragraph 34.

35.     Mosaic admits the allegations of paragraph 35.

- 3 -

1        36.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of

2  the allegations of paragraph 36, and on that basis denies each and every allegation contained therein.

3        37.     Mosaic admits the allegations of paragraph 37.

4        38.     Mosaic is without knowledge or information sufficient to form a belief as to whether

5  Mosaic Tile has been known by or done business under the name "MTS," or whether its distributors

6  refer to Mosaic Tile as anything other than its full name.  Mosaic admits that MTS stated that the

7  notice could be attributed "MTS, LLC," rather than "Mosaic Tile Supplies, LLC."  As to the remaining

8  allegations of paragraph 38, Mosaic denies the allegations contained therein.

9        39.     Mosaic denies the allegations in paragraph 39 in the form alleged and leaves all

10  questions of fact to the trier of fact and all questions of law to the Court, except Mosaic admits that a

11  conference call was held on or about January 3, 2007.

12        40.     Mosaic denies the allegations in paragraph 40 in the form alleged and leaves all

13  questions of fact to the trier of fact and all questions of law to the Court.

14        41.     Mosaic admits that it informed MTS that it had redesigned its website on or about

15  January 12, 2007.  Mosaic denies the remaining allegations contained in paragraph 41.

16        42.     Mosaic admits the allegations of paragraph 42.

17        43.     Mosaic admits the allegations of paragraph 43.

18        44.     Mosaic admits the allegations of paragraph 44.

19        45.     Mosaic admits the allegations of paragraph 45.

20        46.     Mosaic admits the allegations of paragraph 46.

21        47.     Mosaic admits the allegations of paragraph 47.

22        48.     Mosaic admits the allegations of paragraph 48.

23        49.     Mosaic denies the allegations of paragraph 49.

24        50.     Mosaic denies the allegations of paragraph 50.

25        51.     Mosaic admits the allegations of paragraph 51.

26

27

28

- 4 -

52.     Mosaic admits that MTS issued a DMCA Take Down Notice to Sunset's webhost, Monster Commerce, LLC, on February 16, 2007.  As to the remaining allegations of paragraph 52, Mosaic denies the allegations contained therein.

53.     Mosaic admits that on or about March 2007, MTS sent Sunset a shipment of MTS' products for which Mosaic had paid.  Mosaic denies the remaining allegations of paragraph 53.

54.     Mosaic denies the allegations of paragraph 54.

55.     Mosaic denies the allegations of paragraph 55.

56.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis denies each and every allegation contained therein.

57.     Mosaic denies the allegations of paragraph 57.

## COUNT I

## TRADEMARK INFRINGEMENT (LANHAM ACT 15 U.S.C. § 1111 *et seq.*)

58.     Mosaic repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59.     Mosaic denies the allegations of paragraph 59.

60.     Mosaic denies the allegations of paragraph 60.

61.     Mosaic denies the allegations of paragraph 61.

62.     Mosaic denies the allegations of paragraph 62.

63.     Mosaic denies the allegations of paragraph 63.

64.     Mosaic denies the allegations of paragraph 64.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS

65.     Mosaic repeats and realleges paragraphs 1 through 64 as if fully set forth herein.

66.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis denies each and every allegation contained therein.

67.     Mosaic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, and on that basis denies each and every allegation contained therein.

68.     Mosaic denies the allegations of paragraph 68.

69.     Mosaic denies the allegations of paragraph 69.

70.     Mosaic denies the allegations of paragraph 70.

## COUNT III

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

71.     Mosaic repeats and realleges paragraphs 1 through 70 as if fully set forth herein.

72.     Mosaic denies the allegations of paragraph 72.

73.     Mosaic denies the allegations of paragraph 73.

74.     Mosaic denies the allegations of paragraph 74.

75.     Mosaic denies the allegations of paragraph 75.

76.     Mosaic denies the allegations of paragraph 76.

77.     Mosaic denies the allegations of paragraph 77.

78.     Mosaic denies the allegations of paragraph 78.

## COUNT IV

## FRAUD

79.     Mosaic repeats and realleges paragraphs 1 through 78 as if fully set forth herein.

80.     Mosaic denies the allegations of paragraph 80.

81.     Mosaic denies the allegations of paragraph 81.

82.     Mosaic denies the allegations of paragraph 82.

83.     Mosaic denies the allegations of paragraph 83.

84.     Mosaic denies the allegations of paragraph 84.

CASE NO.C-07-4007 (PJH)
Sunset Mountains, Inc.'s Reply to Mosaic Tile Supplies, LLC's Counterclaims

## COUNT V

### BREACH OF CONTRACT (EXCLUSIVE DISTRIBUTORSHIP)

85.    Mosaic repeats and realleges paragraphs 1 through 84 as if fully set forth herein.

86.    Mosaic denies the allegations of paragraph 86.

87.    Mosaic denies the allegations of paragraph 87.

88.    Mosaic denies the allegations of paragraph 88.

89.    Mosaic denies the allegations of paragraph 89.

## COUNT VI

### BREACH OF CONTRACT (LICENSING AGREEMENT)

90.    Mosaic repeats and realleges paragraphs 1 through 89 as if fully set forth herein.

91.    Mosaic denies the allegations of paragraph 91.

92.    Mosaic denies the allegations of paragraph 92.

93.    Mosaic denies the allegations of paragraph 93.

94.    Mosaic denies the allegations of paragraph 94.

## COUNT VII

### UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 *et seq.*)

95.    Mosaic repeats and realleges paragraphs 1 through 94 as if fully set forth herein.

96.    Mosaic denies the allegations of paragraph 96.

97.    Mosaic denies the allegations of paragraph 97.

98.    Mosaic denies the allegations of paragraph 98.

#### AFFIRMATIVE DEFENSES

99.    MTS' causes of action fail to state a claim upon which relief may be granted.

100.    MTS' causes of action are barred by the doctrines of waiver and/or estoppel.

101.    MTS failed to mitigate its damages, if any.

- 7 -

102.    MTS' causes of action are barred by the doctrine of acquiescence.

103.    MTS' breach of contract counterclaim is barred by the statute of frauds.

104.    MTS' own conduct contributed to and/or caused the injuries of which it now complains, and MTS voluntarily assumed the risk of its own conduct.

105.    MTS' causes of action are barred by the doctrine of unclean hands.

106.    No act or omission of or attributable to Mosaic was a substantial factor in bringing about the occurrences alleged in the Complaint or any damage or loss sustained by MTS, nor was any act or omission of, or attributable to, Mosaic, a contributing cause thereof, and any alleged acts or omissions of, or attributable to, Mosaic were superseded by the acts or omissions of MTS or of other persons, which acts or omissions of MTS and of other persons were the independent, intervening and proximate causes of the occurrences alleged in the Counterclaim.

107.    Mosaic reserves the right to assert additional affirmative defenses in the event discovery, investigation, or analysis indicates that they are proper.


DATED:  December 21, 2007            Respectfully submitted,



                                     By:   /s/  Judith M. Schvimmer
                                           Judith M. Schvimmer
                                           TOWNSEND AND TOWNSEND AND CREW LLP
                                           Two Embarcadero Center, Eighth Floor
                                           San Francisco, California  94111
                                           Telephone: (415) 576-0200
                                           Facsimile: (415) 576-0300

                                           Attorneys for Plaintiff and Counterdefendant
                                           SUNSET MOUNTAINS, INC., d/b/a MOSAIC TILE
                                           MARKET